UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE HOLMES,

    Plaintiff,

v.

                                      Case No. 11-10243

CHASE BANK USA, N.A. and              HONORABLE DENISE PAGE HOOD
INFINITY MORTGAGE,

    Defendants.
                                      /

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS,
ORDER DENYING MOTION TO FILE SECOND AMENDED COMPLAINT,
ORDER MOOTING MOTION TO AMEND SCHEDULING ORDER,
and
ORDER DISMISSING ACTION**

**I.    BACKGROUND**

On January 20, 2011, Defendant Chase Bank, USA, N.A. ("Chase") removed the Complaint filed by Plaintiff Catherine Holmes ("Holmes") before the Wayne County Circuit Court, State of Michigan. A First Amended Complaint was filed on June 1, 2011 alleging two counts: Fraudulent Concealment and/or Fraudulent Misrepresentation (Count I) and Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* (Count II). It is noted that Defendant Infinity Mortgage ("Infinity") is a named-defendant in the First Amended Complaint but had not been served with the First Amended Complaint. Pursuant to Fed. R. Civ. P. Rule 4(m), Infinity is dismissed without prejudice for lack of service.

On September 3, 2007, Holmes claims she was given Sample documents to review for the purchase of the property located at 4573 Oregon, Detroit, Michigan. (First Am. Comp., ¶ 6) Holmes brought $10,000.00 to purchase a $64,000.00 house located at 4573 Oregon on October 5,

2007. (First Am. Comp., ¶ 7) Holmes claims that Infinity required little documentation of her income and was forced to sign the mortgage although her only source of income was SSI. (First Am. Comp., ¶ 7) Holmes asserts that the brokers of Infinity told her to get a co-signer to obtain financing and that Holmes would not pay over $600.00 per month because of all the "up front money" brought to the table. (First Am. Comp., ¶ 8) Holmes states that Infinity forced her to sign a loan with Chase based on: misrepresented income which encouraged default; assessment of excessive fees when late; mandatory arbitration clauses; financing of a mortgage without economic gain for the borrower; equity stripping; and, steering borrowers who qualify for lower-cost loans to higher-cost financing. (First Am. Comp., ¶ 9) Holmes asserts that at the end of the loan, she would have to pay $230,000.00 for property where the value is depreciating. (First Am. Comp., ¶ 10) Holmes claims that Infinity received a yield spread premium ("YSP") which was established by false documents and was not disclosed to her during the solicitation. (First Am. Comp., ¶ 11) Holmes asserts that her mother, Valtine Phillips, is the co-signer on the loan. (First Am. Comp., second ¶ 12)

On September 10, 2010, Holmes sent Chase a qualified written request ("QWR") inquiring about specific issues concerning the whereabouts of the note and mortgage. (First Am. Comp., ¶ 12) Chase responded on September 30, 2010, but without specificity. (First Am. Comp., ¶ 13)

In lieu of an Answer to the First Amended Complaint, Chase filed a Motion for Judgment on the Pleadings on June 20, 2011. A response and reply have been filed. Holmes filed a Motion for Leave to File a Second Amended Complaint on July 20, 2011. Chase filed a response to this motion and Holmes filed a reply to the response. Chase also filed a motion to amend the Scheduling Order entered by the Court after the Court rules on Chase's dispositive motion.

2

## II. ANALYSIS

### A. Standard of Review

Rule 12(c) of the Rules of Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The manner of review under Rule 12(c) is the same as review under Rule 12(b)(6). *Jelovsek v. Bredesen,* 545 F.3d 431, 434 (6th Cir. 2008). Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do

nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

### B. Predatory Lending

Chase argues that the gist of Holmes' claims appear to be that she was a victim of predatory lending because the loan she was forced to sign encouraged default, assessed excessive fees, subjected her to mandatory arbitration clauses, and steered her from lower-cost loans to higher-cost financing. Holmes does not respond to this argument in her papers, but argued at the hearing that Chase charged more interest to her than it would have to a white person. Holmes does not cite any facts in her Amended Complaint to support this claim. Courts have held that predatory lending is not a cause of action under state or federal law. *See Thielen GMAC Mortgage Corp.,* 671 F.Supp.

4

947, 955 (E.D. Mich. 2009); *King v. Bank of America Corp.,* Case No. 09-12481, 2009 WL 290425 *3 (E.D. Mich. Sept. 11, 2009)(unpublished). Any claims alleging predatory lending must be dismissed.

### C. Fraud

Chase seeks dismissal of Count I, the fraud claim, arguing that the Complaint fails to comport with the strict pleading standards under Rule 9(b) of the Rules of Civil Procedure. In response, Holmes claims that she is an elderly woman, who had cash, and that Infinity and Chase profited from her during the loan origination process. Holmes claims her income was falsified to justify the monthly payment under the note. Holmes claims the Defendants concealed the closing documents from her so that she could not review the documents. Holmes asserts the monthly payment was not disclosed to her until she received the first bill which was for $617.00 and which was more than her SSI check.

The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003).

In her First Amended Complaint, Holmes alleges that Infinity and Chase omitted material facts and/or made fraudulent misrepresentations which altered the terms and conditions of the loan to the detriment of plaintiff. (First Am. Comp., second ¶ 12) Holmes alleges that Chase and Infinity concealed the YSP which was not disclosed to Holmes during the solicitation. (First Am. Comp., ¶ 18) Holmes claims she was fraudulently induced and misled into signing the mortgage with Chase since the property is not worth enough to support a loan and that the loan should not have been

made. (First Am. Comp., ¶ 21)

Liberally construing the First Amended Complaint, it appears that on October 5, 2007, Holmes entered into a mortgage to purchase a $64,000.00 house located at 4573 Oregon. Holmes does not allege where this event took place. The only misrepresentation alleged by Holmes appears to be the concealment of the YSP which she claims was not disclosed to her during the solicitation. Chase submitted a copy of the Mortgage, the Note, Settlement Statement and Disclosure. (Exs. A-D Motion) The Settlement Statement notes the YSP in line item 811, which is located on the signature page and where Holmes' signature is affixed. (Ex. C, Motion) The Note, signed and each page initialed by Holmes, also states that the monthly payment will be $617.45. (Ex. B, Motion) Holmes has not shown with specificity what misrepresentations Chase made which forced Holmes to enter into a Mortgage and Note with Chase. Holmes' fraudulent claim in Count I must be dismissed.

### B. RESPA (Count II)

Chase moves to dismiss Count II, the RESPA claim, arguing that it did not violate RESPA since a response to Holmes' QWR was sent by Chase and acknowledged by Holmes. In response, Holmes admits that Chase responded to her QWR but it was invalid because Chase did not explain the information related to the origination of the loan and servicing. Holmes appears to argue that because she only received $600.00 in SSI benefits, the monthly payment of $617.00 was impossible for her to pay.

Section 2605 of RESPA requires a loan servicer to respond to a borrower's inquiries within 60 days when it receives a qualified written request from the borrower. 12 U.S.C. § 2605(e)(2). The servicer shall conduct an investigation and then, if applicable: 1) make corrections to the borrower's account; 2) provide a statement of the reasons for why the servicer believes the borrower's account

is correct; 3) provide contact information that the borrower may call for assistance; 4) provide the borrower with the information requested; or 5) provide an explanation of why the requested information is unavailable or cannot be provided by the servicer. 12 U.S.C. § 2605(e)(2)(A) - (C). A servicer may choose a method of response; there is no duty comply with all of the methods set forth in this section. *Weinert v. GMAC,* 2009 WL 3190420 * 8 (E.D. Mich. Sept. 29, 2009). If a loan servicer violates § 2605(e), the borrower is entitled to actual damages. 12 U.S.C. § 2605(f).

In this case, as acknowledged by Holmes, Chase sent her a letter on September 30, 2010 indicating it was in receipt of Holmes' request. (Ex. G, Motion) On October 13, 2010, Chase sent a further response enclosing the relevant account documents (the Note, the Mortgage, appraisal and loan transaction history) and provided contact information for further assistance. (Ex. H, Motion) A review of Chases's September 30, 2010 and October 13, 2010 letters show that Chase appropriately responded to Holmes' QWR letter and complied with RESPA. Holmes RESPA claim must be dismissed.

        **C.**     **Holmes' Motion for Leave to File Second Amended Complaint**

Holmes seeks to file a Second Amended Complaint under Rule 15 of the Rules of Civil Procedure. She claims that Chase will not be prejudiced by the amendment. Chase opposes the motion indicating that the proposed Second Amended Complaint is nearly identical to the First Amended Complaint and asserts nothing new, other than adding five new paragraphs which do not provide any new information.

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. Leave shall be freely given when

justice so requires. Fed. R. Civ. P. 15(a)(2). However, if a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

A review of the proposed Second Amended Complaint shows that Holmes alleges the same counts and facts as she alleged in the First Amended Complaint. Given that the Court finds that Holmes failed to state a claim upon which relief may be granted under a fraud theory and a RESPA violation claim, the Second Amended Complaint would be futile. The Motion for Leave to File a Second Amended Complaint must be denied.

### D. Chase's Motion to Amend Scheduling Order

Chase's Motion to Amend Scheduling Order is MOOT given the Court's ruling to dismiss the action.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion for Judgment on the Pleadings filed by Chase (**Doc. No. 19, filed June 20, 2011**) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Amend Scheduling Order Dates (**Doc. No. 21, June 24, 2011**) is MOOT.

IT IS FURTHER ORDERED that the Motion for Leave to File Second Amended Complaint (**Doc. No. 26, July 20,2 011**) is DENIED.

IT IS FURTHER ORDERED that Defendant Infinity Mortgage is DISMISSED without prejudice and Defendant Chase Bank USA, N.A. is DISMISSED with prejudice. This action is DISMISSED.

          s/Denise Page Hood
          United States District Judge

Dated: October 31, 2011

I hereby certify that a copy of the foregoing document was served upon Catherine Holmes, 4573 Oregon, Detroit, MI 48204 and counsel of record on October 31, 2011, by electronic and/or ordinary mail.

          s/LaShawn R. Saulsberry
          Case Manager